[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed the instant appeal in the Superior Court seeking judicial review of a decision of the Commissioner of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license in accordance with the administrative license suspension provisions of Connecticut's implied consent law, Connecticut General Statutes § 14-227b, due to plaintiff's refusal to submit to a chemical/alcohol test following his arrest for operating while under the influence of alcohol or drugs.
The court's review of an administrative decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. This court cannot retry this matter or substitute its judgment for that of the hearing officer unless the findings are clearly erroneous in view of the whole record. The court's function is to determine whether the hearing officer acted illegally, arbitrarily or in abuse of his discretion.
The evidence contained in the narrative is inconsistent in several aspects. Apparently, there was a dispute between some youths which took place on North Broad and River Street in Milford, Connecticut. The plaintiff was at a stop on River Street and the plaintiff was standing outside his motor vehicle. The police officer ordered the plaintiff to get into his motor vehicle and drive around the corner to Depot Road. The plaintiff did this. Shortly thereafter, the police officer came up to the plaintiff's motor vehicle and arrested the plaintiff for DWI.
The arrest was on North Broad and Depot Road. The narrative refers to North Broad and Depot Road. However, the A-44 form refers to River Street and North Broad.
If the police officer first approached the plaintiff on River Street, then the plaintiff was not free to leave at his will since the officer has stated that he was investigating a missing registration sticker. If the plaintiff had, at this point, left without the permission of the officer, a chase would have ensued. However, no mention of a chase is made by either side, which leaves the possibility that the plaintiff was in fact directed to drive his car around the corner by the police officer. If this was done, the conduct of the police officer not only induced the plaintiff into criminal activity but actually commanded his activity and, thus, results in entrapment. The element of operation can no longer be shown to exist and the finding of operating while CT Page 5252 intoxicated would be an erroneous conclusion.
Until the officer ordered the plaintiff to operate the motor vehicle, the element of operation was missing under the statute and a conviction of operating under the influence could not be sustained.
The officer noted no erratic driving on the plaintiff's part. However, the plaintiff's registration insert on his license plate was missing, which was certainly sufficient cause for the motor vehicle stop.
The A-44 form and the police narrative were appropriately admitted into evidence. These documents contain several inconsistencies in addition to the location of the stop and whether the police officer told the plaintiff to move his motor vehicle. The record is inconsistent as to the time of the urine test. The record indicates the plaintiff was bonded out at four a.m. However, the form indicates that the urine test was refused at 4:21 a.m., which would be at a time when the plaintiff was not in police custody.
This court cannot retry this matter or substitute its judgment for that of the hearing officer unless the findings are clearly erroneous in view of the whole record. This court's function is to determine whether the hearing officer acted illegally, arbitrarily or in abuse of his discretion. The administrative record does not provide substantial evidence upon which the hearing officer could reasonably have based his findings. There are no factual bases for the conclusions reached in the hearing officer's report. There are several contradictions between the narrative and the A-44 report. There is an absence of facts and inconsistent facts contained throughout the record.
In light of the evidence, this court finds that the agency has acted unreasonably, arbitrarily and in abuse of its discretion. The evidence does not reasonably support the decision of the hearing officer.
The appeal is sustained.
Coppeto, J. CT Page 5253